## TRIPP BROS. v. McCORMACK.

(Court of Civil Appeals of Texas. El Paso. May 15, 1913.)

1. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action on a note, where defendant alleged that it was given for the price of goods purchased by him, and which were returned to and received by plaintiff in settlement and satisfaction of the note, the admission of defendant's testimony as to the value of the goods and the price at which they were returned, which he based on catalogue prices, if erroneous on the ground that the catalogue was the best evidence, was harmless, since the value of the goods was wholly irrelevant; the only issue being whether they were returned to and received by plaintiff in full satisfaction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153-4157, 4166; Dec. Dig. § 1050.*]

2. NEW TRIAL (§ 97*)—GROUNDS—SURPRISE.

Where defendant's answer clearly indicated his defense, and plaintiffs did not apply for a continuance in order to procure rebutting testimony, they could not claim that they were surprised by his testimony as a ground for a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 195-198; Dec. Dig. § 97.*]

Appeal from Brazoria County Court; J. W. Munson, Judge.

Action by Tripp Bros. against J. T. McCormack. Judgment for defendant, and plaintiffs appeal. Affirmed.

H. Grass, of Alvin, and Masterson & Rucks and Munson & Munson, all of Angleton, for appellants. Geo. H. Currier, of Houston, and Louis J. Wilson, of Angleton, for appellee.

HIGGINS, J. Tripp Bros. filed suit in the justice court against McCormack upon an open account amounting to $30.19 and a promissory note in the sum of $93.67. After trial in that court, the cause upon certiorari was thereafter tried de novo in the county court, resulting in judgment for the defendant, from which this appeal is prosecuted.

[1] McCormack in his answer averred that the note sued upon was executed in consideration of certain articles of machinery sold and delivered to him, and specifically described in his answer; that said articles were not suitable for the purpose for which they were sold and he had returned the same to Tripp Bros. in settlement and satisfaction of the note sued upon; and that plaintiffs had so received the same. Upon the trial McCormack testified as to the values of the articles which he had purchased and

the price at which they had been returned, and he testified that his memorandum of prices was based upon catalogue prices, and objection was urged to the admission of his testimony as to such values upon the ground that the catalogue itself is the best evidence of the value of the property. The testimony with reference to such values was wholly irrelevant to the decisive issue in the case. The decisive issue was not the value of the property purchased and returned, but whether or not the articles had been returned by McCormack and received by Tripp Bros. in satisfaction and payment of the note sued upon. The case was tried before the court, and the admission of this irrelevant testimony, if erroneous, is not reversible.

The second assignment complains that the judgment is contrary to the great preponderance of the evidence, and a reversal is asked upon this ground. We have examined the testimony, and find the same amply sufficient to support the judgment of the court.

[2] One of the grounds of the motion for a new trial was that appellants were surprised by the testimony of the defendant. His answer clearly indicated what his defense would be, and, if appellants desired time to procure rebutting testimony, they should have applied for a continuance of the cause; not having done so, and having proceeded to trial, they could not thereafter claim to be surprised. The third assignment is therefore overruled.

Affirmed.

McKENZIE, J., did not sit in this case.